IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI

SAMMIE HENRY PETTIS
PLAINTIFF

V.

WALMART

COMPLAINT
CIVIL ACTION
NO: 2:20-cv-147-KS-MTP

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 06 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

## I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress
the deprivation, under color of state law, of rights secured by the
Constitution of the United States. The Court has jurisdiction under
28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory
relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's
claims for injunctive relief are authorized by 28 U.S.C. Section
2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Fifth (5th) District, is an appropriate venue under 28 U.S.C.
Section 1391 (b)(2) because it is where the events giving rise to
this claim occured.

## II. PLAINTIFF

3. Plaintiff, Sammie Henry Pettis, is and was at all times mentioned
herein is a citizen of the United States and at present time he
is being held in the custody of the Mississippi Department of
Corrections. He is currently confined in Jefferson County

1.

Correctional Facility in Fayette Mississippi.

## III. DEFENDANTS

4. Defendant, is walmart who is a retail franchise here in the United States.

5. Defendant, Walmart is being sued in it's individual and official Capacity, from principal owner (owners), CEO and employees of Walmart.

## IV. Facts

6. Plaintiff, states that on or around June 2016 and October 2016 that he made two seperate purchases of two handguns (firearms), being described as pellet pistals.

7. Plaintiff, states that prior to making the first purchase of a pellet pistal in 2016, that he was denied the right to buy a .45 caliber handgun from Walmart, because a background check from store employee revealed that he was a previously convicted felon.

8. Plaintiff states that he had been convicted of Armed Robbery on October 16, 1989 in the Circuit Court of Clarke County, Miss. Cause No. 7112 and was sentenced to a term of twelve (12) years in the custody of the Mississippi Department of Corrections.

9. Plaintiff states that he was told that he could not purchase the .45 caliber handgun, but that he could purchase a handgun pellet pistol, even though he was a previously convicted felon.

## V. EXHAUSTION OF LEGAL REMEDIES

10. Plaintiff states that because he was not in the custody of any Correctional Institution at the time that these events occured, then there is no need of an administrative grievance procedure.

2.

## VI. LEGAL CLAIMS

11. Plaintiff states that Walmart has denied him, his United States Constitutional 'Right To Bear Arms' as found under the Second (2nd) Amendment of the United States Constitution.

12. Plaintiff states that when Walmart denied him the right to bear arms (the .45 caliber handgun, a firearm), but then turned around and allowed him to purchase a different kind of firearm (the pellet pistol), this violated the plaintiff's Second Amendment right to bear arms as protected by the United States Constitution.

13. Plaintiff states that Walmart falsely misled him into believing that a Pellet Pistol was not legally a handgun (firearm) under Federal Law.

14. Plaintiff states that he has or was convicted of Armed Robbery on May 23, 2017 by the use of a handgun being described in trial as a pellet pistol (a firearm).

15. Plaintiff states that he has refuted that a pellet pistol is not a handgun (a firearm) under Federal law and he has appealed his case to the Miss. Court of Appeals and the Miss. Supreme Court, his case (appeal) was denied.

16. The Miss. Courts stated that a pellet pistol was a deadly weapon, as well as a firearm.

17. Plaintiff states that he filed a habeas corpus petition to the United States Federal Court, Southern District, cause no. 2:18-CV-00218-KS-JCG.

18. Plaintiff states that after sixteen (16) months of waiting for an answer, the United States Magistrate Judge John C. Gargiulo

Stated in his 'Report and Recommendation' on page 16, '... the pellet gun was a handgun, the State did not Constructively amend the indictment.' (see attached Copy as Exhibit #1A & #1B)

19. Plaintiff states that he filed 'Objection To Report and Recommendation' of Magistrate Judge Gargiulo to the United States District Judge Keith Starrett stating that a pellet pistol was not the same thing as a real firearm. The United States District Judge has not responded as of the date of filing this complaint.

20. Plaintiff states that Walmart has violated Federal law by selling firearms (pellet Pistols) to convicted felons, because under Miss. Code §97-37-5, 'No convicted felon can purchase or possess a firearm'.

21. Plaintiff also states that Walmart has violated Federal law, because they have been selling firearms (pellet Pistols) to minors, anyone under the age of twenty-one (21) years old.

22. Plaintiff states that Walmart has violated his Second (2nd) Amendment right to buy a certain firearm (a .45 caliber handgun), but sold him another kind of firearm (a pellet pistol).

23. Plaintiff states that Walmart has falsely misrepresented itself by selling the plaintiff one kind of firearm, but denying him the right to purchase the one that he wanted. According to a United States Magistrate Judge, a pellet pistol is a firearm, the same as a .45 caliber handgun.

24. Plaintiff seeks redress from this United States Constitutional Violation.

4.

# VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting plaintiff:

25. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

26. That Walmart, the defendant in this case has violated Federal law, by selling firearms to convicted felons and also the defendant has violated Miss. Code §97-37-5 "no convicted felon can buy a firearm or possess one in the State of Mississippi"

27. Compensatory damages in the amount of $500,000 against the defendant.

28. Punitive damages in the amount of $50 million against the defendant.

29. A jury trial on all issues triable by jury

30. Plaintiff's cost in this Court

31. Any additional relief this Court deems just, proper and equitable

Dated: 7-30-20, Sammie Henry Pettis

Respectfully Submitted,

Sammie Henry Pettis #72630
Jefferson County Correctional Facility
279 HWY 33
Fayette, Ms. 39069

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of prejury that the foregoing is true and correct.

Executed at Jefferson County,
Fayette, Ms.
on _____June 23, 2020_____