**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SAMMIE HENRY PETTIS, # 72630**                                                      **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:20cv147-KS-MTP**

**WALMART**                                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING *IN FORMA
PAUPERIS* STATUS AND OF DISMISSAL WITHOUT PREJUDICE**

BEFORE THE COURT is *pro se* Plaintiff Sammie Henry Pettis's motion [3] for leave to

proceed *in forma pauperis*.    He brings this action for damages under 42 U.S.C. § 1983,

challenging two sales transactions and his recent conviction.    The Court finds that, while a

prisoner, Pettis has brought at least three civil actions under 28 U.S.C. § 1915, which have been

dismissed as malicious.    His *in forma pauperis* application in this civil action will therefore be

denied pursuant to § 1915(g).

**DISCUSSION**

The Prison Litigation Reform Act provides that a prisoner's privilege to proceed *in forma*

*pauperis* is denied if he has, on three prior occasions during detention, had an action or appeal

dismissed as frivolous, malicious, or for failing to state a claim.    28 U.S.C. § 1915(g).

Excepted from this bar are cases in which "the prisoner is under imminent danger of serious

physical injury."    *Id.*    The Court must consider all actions which were dismissed as frivolous,

malicious or which failed to state a claim, whether dismissed before or after enactment of the

PLRA.    *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996).    Denial of *in forma*

*pauperis* under the three strikes provision is a:

matter[] of procedure.    Section 1915(g) does not affect a prisoner's substantive

rights, and it does not block his or her access to the courts.   A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. . . .   Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.   This requirement is neither novel or penal.   It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Pettis has, on at least seven prior occasions, brought civil actions under § 1915, in a court of the United States.   These lawsuits were brought while he was incarcerated with the Mississippi Department of Corrections.   Three cases were dismissed as malicious.   *Pettis v. Hall*, 1:19cv354 (S.D. Miss. Oct. 10, 2019); *Pettis v. Hall*, 1:19cv356 (S.D. Miss. Oct. 8, 2019); *Pettis v. Hall*, 1:19cv355 (S.D. Miss. Oct. 8, 2019).   These dismissals count as three strikes under § 1915.   Unless the present action satisfies the imminent danger exception, he must be denied pauper status.

The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   The Fifth Circuit Court of Appeals holds, "a prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP."   *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.'"   *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Pettis filed this action on August 6, 2020, complaining about two separate sales

transactions at Walmart in 2016 and his subsequent conviction.   He first alleges that Walmart would not sell him a .45 caliber pistol because he was a prior convicted felon.   He next complains that Walmart sold him two pellet pistols, representing that he could lawfully purchase those.   Finally, he challenges the fact that he was later convicted of armed robbery, even though he was using one of the pellet pistols.

Pettis fails to demonstrate an imminent danger of serious physical injury.   Therefore, the imminent danger exception does not apply to this civil action, and he is not entitled to pauper status.   Since the Court denies him permission to proceed as a pauper, and the Court has not received payment of the filing and administrative fees for this civil action, this case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Sammie Henry Petti's motion [3] for leave to proceed *in forma pauperis* should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is **DISMISSED**. Since Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. Oct. 2, 2006). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the   7th   day of October, 2020.

_____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE